STRONG *v.* HART.

Where on an application for a continuance, on the ground of the absence of a witness, the other party, in order to avoid the continuance, admits that the witness, if present, would swear to the facts stated in the affidavit, the affidavit may be read to the jury, to show the facts expected to be proved by the absent witness, in connection with the admission of the other party, that the witness, if present, would swear to the facts stated in the affidavit.

*Appeal from the Mahaska District Court.*

MONDAY, APRIL 4.

The defendant applied for a continuance of the cause, at the April term, 1857, on account of the absence of a witness ; and filed his affidavit, as required by law, showing, among other things, what particular facts he expected to prove by the absent witness. The court, after consideration, decided that the party was entitled to a continuance, upon the affidavit made, and ordered that the cause be continued, unless the plaintiff would admit that the witness, if present, would swear to the facts stated. Whereupon, as shown by the record, the plaintiff admitted that the witness, if present, would swear to the facts thus stated and set forth. The motion for a continuance was then

overruled, and the cause came on for trial. The defendant offered in evidence the affidavit as aforesaid; to the introduction of which the plaintiff objected. The court sustained the objection, and would not permit the defendant to introduce the said affidavit, or part thereof. To this ruling of the court there was an exception, and defendant appeals.

*Wm. Loughridge* and *S. A. Rice*, for the appellant.

No appearance for the appellee.

STOCKTON, J.—The issues to be tried were: Whether the notes sued on were obtained by fraud and false representations; whether the consideration upon which they were given, had wholly failed; and whether they were transferred to the plaintiff after they were due, and with the knowledge by plaintiff at the time, of the fraud by which they were obtained, and of the want of any consideration to uphold them? The facts which defendant shows by his affidavit, that he could prove by the testimony of the absent witness, were pertinent and admissible to establish the issue on his part; and as plaintiff had admitted that the witness, if present, would swear to the facts stated, the defendant was entitled to give this admission in evidence.

If there is anything in the affidavit not admitted by the other party, or anything stated not pertinent to the issue joined, the court may lawfully exclude so much of it. But we see no valid objection to permitting the party to read to the jury, from the affidavit, the facts he swears he expects to prove by the absent witness, in connection with the admissions of the other party, that if the witness were present, he would swear to the facts stated. The affidavit is not, properly speaking, the evidence for the consideration of the jury; but it may be read to them as the basis of the admission of the plaintiff, which the defendant in this case, seeks to have given in evidence.

Judgment reversed.